**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **TIM SHOBE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | **1:13-cv-3442-RLV** |
| **v.** | ) | |
| | ) | |
| **CJI GROUP, LTD.** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, CJI Group, LTD., and responds as follows to the Complaint of the Plaintiff, Mr. Tim Shobe, by and through its undersigned counsel, admitting only so much as is specifically admitted-to herein, and including headings for the sake of clarity only:

**Allegation:**

INTRODUCTION

l. Plaintiff(s) provides commercial, editorial and advertising photography and services, which it licenses to online and print publications. Plaintiff(s) have obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

**Response:**

Plaintiff is without information sufficient to form a belief as to the truth or falsity of the allegation, and accordingly denies the same.

**Allegation:**

2. Defendant(s) own and operate a website known as www.baconbabble.com (the website(s) are collectively referred to herein as the "Websites") and without permission or authorization from Plaintiff(s) copied, modified, and displayed Plaintiff(s)' photograph(s) on the Websites and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**Response:**

Admitted that Defendant owns a website, but otherwise denied.

**Allegation:**

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of the unregistered images. (See e.g. Perfect10, Inc. v.

Amazon.com, Inc., 508 F.3d 1146, 1154 [9th Cir. 2007]; Dian Mills, Inc. v. Linn Photo Co., 23 F.3d 1345,1349 [8th Cir. 1994]; Pac. & s. Co., Inc., v. Duncan, 744 F.2d 1490,1499 n. 17 [11th Cir. 1984]).

**Response:**

Admitted as to jurisdiction and venue. Denied that any pleading is required to the citation of case or other law.

**Allegation:**

4. This Court has personal jurisdiction over CJI Group, LTD. because CJI Group, LTD. maintains its principal place of business in Georgia and purposely directs substantial activities at the residents of Georgia by means of the website described herein. This Court also has personal jurisdiction over the Defendant(s) under the applicable long-arm jurisdictional statutes of Georgia.

**Response:**

Admitted

**Allegation:**

5. Venue is proper under 28 U.S.C. §1391(a)(2) because CJI Group, LTD. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**Response:**

Admitted.

**Allegation:**

PARTIES

6. Plaintiff Shobe is an individual who is a citizen of the State of Alaska and maintains a principal place of business in Sitka County, Alaska

**Response:**

Plaintiff is without information sufficient to form a belief as to the truth or falsity of the allegation, and accordingly denies the same.

**Allegation:**

7. On information and belief, Defendant CJI Group, LTD., is a Georgia with a principal place of business in DeKalb County, Georgia and is liable and responsible to Plaintiff based on the facts herein alleged.

**Response:**

Admitted

**Allegation:**

## FACTUAL ALLEGATIONS.

8. Plaintiff(s) are the legal and beneficial owners of a multitude of photographs which they license to online and print publications and have invested significant time and money in building their photograph portfolios.

**Response:**

Plaintiff is without information sufficient to form a belief as to the truth or falsity of the allegation, and accordingly denies the same.

**Allegation:**

9. Plaintiff(s) have obtained several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover many of their photographs and many others are the subject of pending copyright applications

**Response:**

Denied.

**Allegation:**

10. Plaintiff(s)' photographs are original, creative works in which Plaintiffs own protectable copyright interests.

**Response:**

Denied.

**Allegation:**

11. Defendant(s) are the registered owner of the Websites and are responsible for their content.

**Response:**

Admitted as to ownership, denied as to the legal conclusion of alleged responsibility.

**Allegation:**

12. The Websites are monetized in that they contain paid advertisements and/or sell merchandise to the public and, on information and belief, Defendant(s) profit from these activities.

**Response:**

Denied.

**Allegation:**

13. Defendant(s) are the registered owner of the Websites and are responsible for the Websites are monetized in that they contain paid advertisements and/or sell to the public and, on information and belief, Defendant(s) profit from these without permission or authorization from Plaintiff(s), Defendant(s) copied, modified, and/or displayed Plaintiff(s) rights protected photographs (hereinafter collectively referred to as "Photograph (s)"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

**Response:**

Admitted as to ownership, denied as to the legal conclusion of alleged responsibility. Otherwise denied.

**Allegation:**

14. On information and belief, the Photograph(s) were copied without license or permission, thereby infringing on the Copyrights (hereinafter collectively referred to as the "Infringement(s)").

**Response:**

Denied.

**Allegation:**

15 As is set forth more fully in Exhibit" 1", each listed infringement contains the URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and constitutes a specific item of infringement. (See 17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1160 [9th Cir. 2007]).

**Response:**

Denied.

**Allegation:**

16. On information and belief, Defendant(s) were aware of facts or circumstances from which the determination regarding the Infringement(s) was apparent. Based on the totality of the circumstances, Defendant(s) cannot claim that they were not aware of the infringing activities, including the specific Infringement(s) which form the basis of this complaint, on the Website(s) since such a claim would amount to only willful blindness to the Infringement(s) on the part of Defendant(s).

**Response:**

Denied.

**Allegation:**

17. On information and belief, Defendant(s) engaged in the Infringement(s) knowingly and in violation of applicable United States Copyright Laws.

**Response:**

Denied.

**Allegation:**

18. Additionally, on information and belief, Defendant(s), with "red flag" knowledge of the infringements, failed to promptly remove same. (See 17 U.S.C. §512(c) (1)(A)(i)).

**Response:**

Denied.

**Allegation:**

19. On information and belief, Defendant(s) have received a financial benefit directly attributable to the Infringement(s). Specifically, by way of the Infringement(s), the Websites had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales. (See 17 U.S.C. §512(c)(1)(B)).

**Response:**

Denied.

**Allegation:**

20. As a result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed.

**Response:**

Denied.

**Allegation:**

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

21. Plaintiff(s) repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

**Response:**

Denied.

**Allegation:**

22. The Photograph(s) are original, creative works in which Plaintiff(s) own protectable copyright interests.

**Response:**

Denied.

**Allegation:**

23. Plaintiff(s) have not licensed Defendant(s) the right to use the Photograph(s) in any manner, nor have Plaintiff(s) assigned any of its exclusive rights in the Copyrights to Defendant(s).

**Response:**

Admitted.

**Allegation:**

24. Without permission or authorization from Plaintiff(s) and in willful violation of their rights under 17 U.S.C. § 106, Defendant(s) improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff.

**Response:**

Denied.

**Allegation:**

25.Defendant(s)' reproduction of the Photograph(s) and display of the Photograph(s)on the Website(s) constitutes willful copyright infringement.

**Response:**

Denied.

**Allegation:**

26. On information and belief, thousands of people have viewed the unlawful copies of the Photograph(s) on the Website(s).

**Response:**

Alleged unlawfulness denied. As to the remainder, plaintiff is without information sufficient to form a belief as to the truth or falsity of the allegation, and accordingly denies the same.

**Allegation:**

27. On information and belief, Defendant(s) had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiff( s)' copyrighted material.

**Response:**

Denied.

**Allegation:**

28. As a direct and proximate result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed in an amount to be proven at trial.

**Response:**

Denied.

**Allegation:**

## SECOND COUNT
### (Contributory Copyright Infringement)

29. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

**Response:**

No response is required for an incorporation paragraph.

**Allegation:**

30. In the event that the Photograph(s) were hyperlinked into the Website(s), and thereby not stored directly on the Defendant(s) servers, Defendant(s) are liable as contributory infringers since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. (See e.g., Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 [9th Cir. 2007]; Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913,929-30 [2005]; A&M Records, Inc. v.

Napster, Inc. 239 F.3d 1004, 1019 [9th Cir. 2001]; Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417 [1984]).

**Response:**

Denied.

**Allegation:**

31. For example, Defendant(s) have caused enabled, facilitated and materially contributed to the infringement complained of herein by, providing the tools and instruction for infringement via their Website(s) and have directly and indirectly promoted the infringement and refused to exercise their ability to stop the infringement made possible by their distribution.

**Response:**

Denied.

**Allegation:**

32. Defendants' infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiffs, and has caused substantial damage to Plaintiffs

**Response:**

Denied.

**Allegation:**

33. As a direct and proximate result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed in an amount to be proven at trial.

**Response:**

Denied.

**Allegation:**

## THIRD COUNT
## (Vicarious Copyright Infringement)

34. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

**Response:**

No response is required for an incorporation paragraph.

**Allegation:**

35. Defendant(s) enjoyed a directed financial benefit from the infringing activity of its users and declined to exercise the right and ability to supervise or control that infringing activity, despite their legal right to stop or limit the directly infringing conduct as well as the practical ability to do so.

**Response:**

Denied.

**Allegation:**

36. Accordingly, Defendant(s) are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. (See e.g., Perfect10, Inc. v. Amazon. com, Inc., 508 F.3d. 1146, 1171 [9th Cir. 2007]; Metro-Goldwyn-MayerStudios Inc. v. Grokster, Ltd., 545 U.S. 913, 929-30 [2005]).

**Response:**

Denied.

**Allegation:**

37 As a result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed in an amount to be proven at trial.

**Response:**

Denied.

**Allegation:**

## FOURTH COUNT
### (Inducement of Copyright Infringement)

38. Individuals using the Websites that Defendant(s)' created, distributed and promoted, have been provided with the means and mechanisms through such Websites to directly infringe and are directly infringing Plaintiff(s)' copyrights, by, for example, creating unauthorized reproductions of Plaintiff(s)' copyrighted works

and distributing copies of such works in violation of Plaintiff(s)' exclusive rights (17 U.S.C. §§ 106 and 501).

**Response:**

Denied.

**Allegation:**

39. Defendant(s) have induced and continue to induce infringement by, for example, providing technology on the Websites to download and/or forward an image to such social media providers such as Facebook, Instagram, and Twitter and/or failing to block or diminish access to infringing material even though there are technological means to do so that are known to Defendant(s).

**Response:**

Denied.

**Allegation:**

40. Defendant(s)' infringement is and has been willful, intentional, purposeful and in disregard of the rights of Plaintiff(s), arid has caused substantial damage to Plaintiff(s).

**Response:**

Denied.

**Allegation:**

41. As a direct and proximate result of Defendant(s)' infringement, Plaintiff(s) have been substantially harmed in an amount to be proven at trial.

**Response:**

Denied.

**Allegation:**

## FIFTH COUNT
### (Injunction Pursuant to 17 U.S.C. §502)

42. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

**Response:**

No response is required for an incorporation paragraph.

**Allegation:**

43. Plaintiff(s) request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

**Response:**

Denied that any such injunctive relieve is appropriate herein.

**Allegation:**

## SIXTH COUNT
## (Attorney Fees and Costs Pursuant to 17 U.S.C. §505)

44. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation     contained in the preceding paragraphs, as though set forth in full herein.

**Response:**

No response is required for an incorporation paragraph.

**Allegation:**

45. Plaintiff(s) request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

**Response:**

Denied that any such monetary relieve is appropriate herein.

**Allegation:**

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendants have infringed directly, contributorily and/or vicariously as well have induced other to violation Plaintiff(s)' rights to the Photograph(s) in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. Statutory damages against Defendant(s) pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiff(s)' actual damages and the disgorgement of Defendant(s)' wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendant(s) pursuant to 17 U.S.C. §502; and

   c. Plaintiff(s)' attorneys' fees pursuant to 17 U.S.C. §505; and

   d. Plaintiff(s)' costs; and

2. Such other relief that the Court determines is just and proper.

## **OMNIBUS RESPONSE**:

Defendant denies that Plaintiff is entitled to any relief of any kind, and whether sought herein or otherwise.

# **AFFIRMATIVE DEFENSES.**

NOW COMES the Defendant, and asserts as and for its Affirmative Defenses, as follows:

46. The Plaintiff is entitled to no relief whatsoever, and whether set forth in its "Prayer for Relief" or otherwise.

47. The Complaint fails to state a claim upon which relief may be granted.

48. The claims asserted, and the relief sought in the Complaint, are barred by the doctrines of laches, estoppel, waiver and/or acquiescence.

49. Plaintiff's attempted misapplication of federal law infringes on the Defendant's free speech rights.

50. Plaintiff's alleged copyright registrations are invalid, not infringed and unenforceable.

51. Assuming *arguendo* the validity of Plaintiff's copyright registrations (which is expressly denied), the Plaintiff has failed to attach to its Complaint the specimens forming a material portion of its alleged copyright registrations by which the scope of copyright coverage, if any, could allegedly be measured.

52. On information and belief, the Plaintiff does not have legal title to the copyright registrations and/or to the underlying copyright Works, if any, as alleged in the Complaint.

53. There have been no acts of copyright infringement or other unlawful conduct by the Defendant.

54. Plaintiff has suffered no compensable injury.

55. Plaintiff has failed to mitigate any such alleged damages.

56. Plaintiff has not met the requirements for injunctive relief.

57. The Defendant has acted in good faith and/or with justification, and any such usages by the Defendant has constituted fair use under the provisions of the Copyright Act.

58. Plaintiff lacks standing to bring this action, and particularly for any relief thereunder.

59. On information and belief, the copyright registrations had been registered after substantial work commenced by the Defendant on the accused subject matter, and such dates of commencement were after first publication of the alleged Works of the Plaintiff and before the effective date of the Plaintiff's asserted registrations, and such registrations had not been made within three months after the first publication of the work. Thus, pursuant to the provisions of 17 USC 412(2), Plaintiff is statutorily barred from receiving any statutory damages or attorney's fees with regard thereto.

60. The Plaintiff was not the author of the allegedly registered subject matter, as having derived such subject matter from others.

61.  The subject Works were not copyrightable to the Plaintiff as comprising mere c6ies of works authored by others.

62.  On information and belief, the Plaintiff committed inequitable conduct and/or fraud upon the Copyright Office, *inter alia,* by failing to fulfill its uncompromising duty of full and fair disclosure, and specifically fraudulently withholding the material information that that the Plaintiff was not the author of the alleged Works.

63. Any claims for punitive damages are precluded or limited under United States law, including pre-emption by the existence and effect of relevant statutes and/or under the provisions of the United States Constitution.

64. Plaintiff comes before the Court with unclean hands.

65. Defendant alleges that Plaintiff has not provided Defendant or the Court with the alleged actual work(s), and/or deposit copies upon which the copyright registrations are allegedly based, and therefore Plaintiff's Complaint is fatally defective, and that moreover, the Defendant's ability to respond is unfairly limited by Plaintiff's actions.

66. Under the copyright law, all non-protectable elements and content must be filtered from a registered work, which the Plaintiff has improperly failed to do.

67. Upon information and belief, certain portions of the works alleged to be owned as copyright works of Plaintiff are so commonly known and in such

common use in the public domain as to lack any reasonable level of originality that otherwise would entitle Plaintiff to claim exclusive United States rights thereto.

68. To the extent that elements of the works claimed by Plaintiff and allegedly to be protected by copyright coverage are functional or common ideas of a general style, such works are not properly protectable by the copyright registrations alleged in the Complaint.

69. Moreover, similarities dictated by functional or general style considerations may not be the proper basis of a claim of alleged copyright infringement.

70. To the extent that Work(s) for which Plaintiff claims copyright coverage are not original, or to the extent that such depictions were derived from standard templates or drawings or depictions of others, such standard detail components fail to qualify as original works of authorship under 17 U.S.C.A. § 102.

71. Defendant is informed and believes that Plaintiff's claims are barred by the applicable statute of limitations.

72. The claims in Plaintiff's Complaint are barred in whole or part by the Merger Doctrine or *scenes a faire*.

73. Upon information and belief, the Plaintiff was not the author of significant and material portions of the alleged Works, and thus is not the lawful owner of such subject matter. And, moreover, the extent of protection under

United States Copyright law is subject to the limitations of Article I, Section 8 of the United States Constitution and to the principles of *Barker v. Selden*, 101 U.S. 99 (1879), and accordingly the present law suit should be dismissed.

74. Defendant has and will unjustly incur legal fees and costs in defending the wrongfully instituted suit hereof, such that Defendant has incurred actual and consequential damages, and which should properly be recoverable to Defendant under Section 505 of the Copyright Act, and/or under the general equitable powers of the Court.

75. Upon information and belief, the subject works do not constitute works for hire under the Copyright Act, and are thus not lawfully owned by the Plaintiff.

76. Upon information and belief, the Plaintiff has been involved in fraudulent behavior.

77. Upon information and belief, the Plaintiff misappropriated the works of others and fraudulently submitted those Works to the Copyright Office as its own.

78. Plaintiff has failed to mitigate any such alleged damages under the Copyright Act.

79. Plaintiff has not met the requirements for injunctive relief under the Copyright Act.

80. The Defendants have acted in good faith and/or with justification in their alleged use of the subject matter.

81.   Plaintiff is not entitled to recover damages for willful infringement because (a) the alleged registrations are invalid, not infringed, and/or unenforceable, and (b) there has been no such willfulness.

82. Defendant reserves the right to assert any other defenses that may be available to it and/or that are subsequently discovered.

## JURY DEMAND

83.  The Defendants demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Defendant prays that:

a.      Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of Defendant;

b.      The Court deny to the Plaintiff the injunctive relief requested;

c.      Defendant be awarded its costs incurred in defense of this action;

d.      Defendant be deemed the prevailing party under the provisions of the Copyright Act, and that Defendant receives its costs including reasonable attorney's fee based thereon;

e.     Defendant be awarded its attorney's fees by state statute or otherwise as allowed by law, including the inherent power of the Court to prevent injustice; and

f.     The Court grant such other an additional relief as the Court deems just.


Respectfully submitted this 15th day of November, 2013,


*/s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar No. 775401)
3455 Peachtree Road NE
Floor 5
Atlanta, GA 30326
Ph:  (404) 606-6480
Email:  bmwlaw@aol.com

*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the District of Georgia, with notice and copy of same being electronically served by the Court upon all counsel of record.


*/s/ Robert M. Ward*